By the Court.
 

 It is observed that under the facts found by the commission the Callahan Coal Company continued to be an employer under the terms of the Workmen’s Compensation Act during the period within which occurred the death of its employe Madden. It must be conceded under the facts shown by the record that, had the company sent in its estimated pay roll on March 4, together with a check covering the same for the succeeding period of sis months, the dependents of the killed employe would have been entitled to compensation from the fund. Are they precluded from such relief by reason of the circumstances disclosed by the record? The provisions of the Compensation Act (103 O. L., 72) were designed and enacted primarily for the protection and benefit of employes and their dependents, and Section 28 thereof (Section 1465-75, General Code), was enacted for the purpose of safeguarding the rights and protecting the interests of an injured employe and the dependents of a killed employe from the result of the delinquency of the employer in the matter of the payment of premium. Under the provisions of that section it is the duty of the Industrial Commission to require payment of premiums or the furnishing of bond covering the same. Such delinquencies do not deprive an1 employe injured during such period of the benefit of thfe act. Even' 'if suit be required to collect the delinquent premium,
 
 *234
 
 and a judgment be procured under the provisions of Section 1465-75, the payment thereof would entitle the employe to .the benefit of the act from the date upon which the company became subject to the provisions of the act. Here the premium was subsequently paid, not as a result of a suit, but voluntarily, and the employe then became entitled to the. same right of. compensation out of the fund that he would have had if the premium had been paid when due.
 

 The question presented here is not whether the employer can be relieved from the payment of the compensation to which the dependents were clearly - entitled, but whether the employe and his dependents are to be deprived of all benefits of the Compensation Act. '
 

 The commission therefore had authority to make the order of November 28, 1922, and, under the facts presented by this record, could not thereafter relieve itself therefrom- by attempting to revoke the order and tendering back the premium paid in pursuance thereto. This order did not relate to matters of compensation, as to which the commission under the statute has continuing jurisdiction. The application was denied upon the ground that there was no coverage at the time of the accident, which was a ground going to the basis of the claimant’s right, and Avas therefore appealable.
 

 Judgment affirmed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.