In the matter of State ex rel. Williams v. IndustrialCommission, I concur in the conclusions reached by members of the court who favor sustaining the demurrer to the petition; yet I am unable to reach the same conclusion in State ex rel.Rudd v. Industrial Commission, post, 67, 156 N.E. 107, this day decided, for in that case a different situation arises.
Rudd's employer was a contributor to the fund at the time that Rudd received his injury. The employer has since become insolvent. Should Rudd be deprived of his right to share in the fund for the additional award? Rudd has already received compensation, and this controversy relates to his right to an additional award for the reason that he was hurt because of the failure of his employer to comply with a lawful requirement.
In my judgment, Rudd's right to share in the fund, both for compensation and for the additional award, became fixed at the time of his injury. He had a perfect right, when his employer was a contributor to the fund, to share therein; and if, under recent constitutional amendments, the additional award is allowed because his employer *Page 66 
violated a lawful requirement, this is a part of his compensation under the laws existing at the time of the injury, and he should therefore be permitted to recover such additional award, even though his employer has since become insolvent. To take away such right from Rudd would, in my judgment, violate his lawful and constitutional rights. Having been denied his right to go before a jury to have the damages assessed for his injury, he is compelled to accept the compensation allowed by the Industrial Commission, without reference to the violation by his employer of a lawful requirement.
While the state may take away a right given by statute, the rights incident to the performance by the employer of certain lawful requirements were in full force and effect at the date of Rudd's injury, and he should not be deprived thereof. It is not sufficient to say that if Rudd's employer has become insolvent, solvent employers will therefore have to pay for Rudd's employer's failure to comply with a lawful requirement. All contributing employers participate in payment of claims for injuries to employes of other participating employers. The case is not the same as if Rudd's employer had failed to participate at all in the fund. By his contributing to the fund at the time of Rudd's injury, Rudd's right in the fund became fixed, and he should not be deprived thereof.
My concurrence in the case of Industrial Commission v.Madden, 115 Ohio St. 230, 152 N.E. 662, was based upon the fact that the Industrial Commission received and kept the premium for which the employer was in default, that, as stated in the *Page 67 per curiam, "the premium was subsequently paid, not as the result of a suit, but voluntarily, and the employe then became entitled to the same right of compensation out of the fund that he would have had if the premium had been paid when due."
Entertaining these views, it is my conclusion that the demurrer to the petition in the Rudd case should be overruled.